UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 18 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

```
JESSE R. REDMOND, JR.,           )
                                 )
        Plaintiff,               )
                                 )
   v.                            )    Civil Action No. 14-0308
                                 )
ISAAC FULWOOD JR.,               )
                                 )
        Defendant.               )
                                 )
```

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the plaintiff's application and dismiss the complaint in its entirety.

The plaintiff brings this action against Isaac Fulwood, Jr., Chairman of the United States Parole Commission, in his individual capacity. *See* Compl. ¶ 3. According to the plaintiff, the defendant has deprived him of rights protected under the First and Fifth Amendments to the United States Constitution by denying his applications for parole. *See id.* ¶¶ 6-9. As a result, the plaintiff allegedly "suffers from mental and emotional injury," *id.*, for which he demands "Compensatory damage[s] in the amount of One Million dollars . . . and . . . Punitive damage[s] in the amount of Two Million dollars." *Id.* at 6.

Although the defendant is amenable to suit under 42 U.S.C. § 1983 and under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005), he is "absolutely immune from a



lawsuit such as this which is predicated on acts taken in [his] quasi-judicial . . . capacity." *Jones v. Fulwood*, 860 F. Supp. 2d 16, 22 (D.D.C. 2012) (citation and internal quotation marks omitted); *see Fletcher v. U.S. Parole Comm'n*, 550 F. Supp. 2d 30, 43 (D.D.C. 2008) (reaffirming grant to USPC Commissioners of absolute quasi-judicial immunity from suit). Plaintiff's claim therefore is barred and must be dismissed. *See, e.g., Nelson v. Williams*, 750 F. Supp. 2d 46, 52-53 (D.D.C. 2010) (dismissing claim for money damages against Parole Commissioners, hearing examiner, and community supervision officers in their individual capacities), *aff'd*, No. 10–5429, 2011 WL 2618078, at *1 (D.C. Cir. June 23, 2011) (per curiam), *cert. denied*, 132 S. Ct. 1035 (2012); *see also* 28 U.S.C. §§ 1915(e)(2)(b)(iii), 1915A(b) (authorizing dismissal of a complaint seeking monetary relief from defendant who is immune from suit).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 7 April 2014

/s/ Rosemary M. Collyer
United States District Judge